IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OSCAR CONTRERAS AGUILAR, | : Civil No. 1:25-CV-208 |
| Plaintiff, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| FEDERAL BUREAU OF PRISONS, et al., | : |
| Defendants. | : |

MEMORANDUM OPINION[1]

I. Introduction

This case comes before us for consideration of the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 15), motion for temporary restraining order ("TRO") (Doc. 3), and the defendants' motion to dismiss the complaint. (Doc. 20). For the reasons that follow, we will conditionally grant the plaintiff's motion to proceed IFP, the motion to dismiss will be granted, and the motion for TRO will be denied.

---

[1] We initially issued a Report and Recommendation in this matter, but upon the parties' consent to the undersigned's jurisdiction (Doc. 30), withdrew the Report and Recommendation in order to issue this Memorandum Opinion.

II. Background

The plaintiff, Oscar Contreras Aguilar, is an inmate incarcerated in the Federal Bureau of Prisons ("BOP") at the United States Penitentiary Coleman II ("USP Coleman II") in Coleman, Florida. Aguilar brings this action against the BOP; its director, Colette Peters; the Warden of USP Allenwood, where the plaintiff was previously incarcerated; and the United States of America. (Doc. 1). Aguilar's complaint was initially brought in the United States District Court for the District of Columbia and transferred to this court.

Aguilar's complaint details allegations of her[2] incarceration in the BOP at several different facilities. Thus, at the time Aguilar filed the complaint, she was incarcerated at USP Allenwood in Allenwood, Pennsylvania. (Doc. 1 ¶ 3). The complaint alleges that Aguilar suffers from several mental health impairments, including adjustment disorder, PTSD, major depressive disorder, and gender dysphoria, among others. (*Id.* ¶ 5). Aguilar asserts that these mental health impairments "have emerged largely due to defendants housing the plaintiff in solitary

---

[2] The complaint asserts that Aguilar identifies as transgender and uses female pronouns. (Doc. 1 ¶ 3).

confinement. . . ." (*Id.*). The complaint asserts generalized allegations regarding the BOP's use of a Special Housing Unit ("SHU"), which the complaint alleges are the same in all BOP facilities. (*Id.* ¶ 10).

Aguilar asserts that while incarcerated in the BOP, she has spent a significant amount of time confined in the SHU. (Doc. 1 ¶ 19). The complaint contains allegations of general dissatisfaction with SHU accommodations, such as the lack of access to televisions, tablets, radios, and email, as well as the alleged denial of recreation time. (*Id.* ¶¶ 11-14). The complaint further asserts that the BOP and its officers "engage in a pattern of brutality against inmates, especially mentally-ill inmates such as plaintiff[,]" and that these officers conspire with each other and medical personnel to cover up the incidents of brutality. (*Id.* ¶ 20).

The complaint also alleges that the plaintiff's mental health impairments were ignored and countered with violence by BOP staff and medical personnel while Aguilar was incarcerated. Thus, Aguilar contends that in 2022, while confined at USP Lewisburg in Pennsylvania, her reports of feeling suicidal were ignored by SHU staff, which resulted in Aguilar attempting suicide. (Doc. 1 ¶ 22). Similarly, in 2023, Aguilar reported a psychological emergency to SHU staff at USP Tucson in

Tucson, Arizona, who allegedly responded by encouraging her to commit suicide, spraying her with chemical agents, and "roughing her up physically." (*Id.* ¶ 23). During a separate incident at USP Tucson in 2023, SHU staff allegedly sexually assaulted the plaintiff in response to Aguilar's complaints of experiencing a psychological emergency. (*Id.* ¶ 24). Most recently, at the time the plaintiff filed the complaint, she was incarcerated at USP Allenwood, and while there are no specific allegations of abuse or deliberate indifference at this facility, the complaint asserts that Aguilar was housed in the SHU at that time and was contemplating suicide. (*Id.* ¶ 32). As of the plaintiff's latest filing, it appears that the plaintiff is currently confined at USP Coleman II in Coleman, Florida, and was recently placed in that facility's SHU on July 11, 2025. (Doc. 28 at 2).

Based on these allegations, the complaint broadly asserts that SHU officers throughout the entire BOP engage in brutality and use excessive force against mentally ill inmates housed in the SHU, and that staff are deliberately indifferent to these inmates' serious medical needs. (Doc. 1 ¶ 25). Aguilar further contends that her mental health impairments have been exacerbated by her incarceration in the SHU. (*Id.* ¶¶ 34-35).

Aguilar asserts claims under the Americans with Disabilities Act ("ADA"), and the Eighth Amendment to the United States Constitution, alleging cruel and unusual punishment, deliberate indifferent to serious medical needs, and failure to protect. (*Id.* ¶¶ 40-42). The complaint further asserts that the BOP's policy statement 5270.12 regarding Special Housing Units is unconstitutionally vague. (*Id.* ¶ 43). As relief, Aguilar seeks preliminary and permanent injunctive relief prohibiting the BOP from housing her in the SHU, as well as declaratory judgment that the SHU policy is unconstitutionally vague. (*Id.* ¶¶ 45-46).

Aguilar also filed a motion for a temporary restraining order ("TRO"), (Doc. 3), as well as a motion for leave to proceed *in forma pauperis*.[3] (Doc. 15). Because the plaintiff moved for preliminary injunctive relief, we ordered the complaint and motion served on the defendants. (Doc. 18). The defendants have now filed an opposition to Aguilar's motion for a TRO as well as a motion to dismiss the plaintiff's complaint, arguing that we lack subject matter jurisdiction over Aguilar's

---

[3] Aguilar has also filed a "motion for order" in relation to her motion for leave to proceed IFP, alleging that BOP staff refused to give her a certified inmate account statement. (Doc. 12). Because we are conditionally granting the plaintiff's motion for leave to proceed IFP, the motion for order will be denied.

5

claims because the claims are barred by sovereign immunity. (Docs. 20, 25).[4]

After consideration, we conclude that Aguilar's claims are barred by the doctrine of sovereign immunity. Accordingly, we will conditionally grant the plaintiff's motion for leave to proceed IFP, but the complaint will be dismissed and the motion for TRO denied.

## III. Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). We review such complaints to determine whether there are frivolous or malicious claims, or if the complaint fails to state a claim upon which relief may be granted. *Id.* This statutory preliminary screening mirrors review under Rule 12(b)(6) of the Federal

---

[4] Because the court's screening review of a complaint filed with a request to proceed *in forma pauperis* mirrors the standard applied when considering a motion to dismiss, we consider both motions together in this Memorandum Opinion. *See Picozzi v. Guy Peiagelee & Sons*, 313 F. Supp. 3d 600, 602 (E.D. Pa. 2018) (noting that the standards for "[w]hether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)," including the Court's dismissal of a complaint for lack of subject-matter jurisdiction).

Rules of Civil Procedure, which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

> As the Third Circuit Court of Appeals has aptly summarized:
>
> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-

> part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the

8

court may consider such document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'" *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)). We must apply the relevant law even if the *pro se* plaintiff does not mention it by name. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). However, a *pro se* complaint must still meet the basic requirements of Federal Rule of Civil Procedure 8, which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

## B. The Complaint will be Dismissed.

The defendants have filed a motion to dismiss, arguing that Aguilar's *Bivens*[5] claims are barred by the doctrine of sovereign immunity. They further assert that Aguilar may not proceed with a claim under the ADA against the defendants. For her part, Aguilar contends she is not asserting a claim under *Bivens* but is proceeding solely under the ADA. After consideration, we will grant the defendants' motion.

Initially, to the extent Aguilar is asserting her claims under the ADA, her claims fail as a matter of law. The ADA does not apply to the United States, federal agencies, or their employees. *See* 42 U.S.C. § 12111(5)(B)(i); *Foreman v. Bureau of Prisons*, 2007 108457, Slip Op. at *3 (3d Cir. Jan. 16, 2007) ("Foreman's ADA claim fails because it does not apply to the federal government, its agencies, or employees.") (citation omitted); *Smith v. Fed. Bureau of Prisons*, 2024 WL 5197196, at *5 (D.N.J. Dec. 20, 2024) ("[T]he ADA is not applicable to the federal government."). Accordingly, Aguilar may not bring an ADA claim against the federal defendants she has sued, and this claim will be dismissed.

---

[5] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Like the defendants, we read Aguilar's Eighth Amendment claim as arising under *Bivens*, as she asserts that the BOP's use of solitary confinement constitutes cruel and unusual punishment, deliberate indifference to her serious medical needs, and a failure to protect her. The defendants raise a jurisdictional challenge to Aguilar's claims, arguing that we lack subject matter jurisdiction over Aguilar's claims because they are barred by sovereign immunity. We agree.

First, Aguilar may not bring a *Bivens* claim against the United States or the BOP. As the Supreme Court has stated, "[a] prisoner my not bring a *Bivens* claim against [an] officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual[.]" *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001); *see also Douglas v. United States*, 285 F. App'x 955, 956 (3d Cir. 2008) (". . . Douglas may not bring a *Bivens* action against the agency."). Rather, a *Bivens* claim alleging a violation of an individual's constitutional rights is only actionable against an individual federal officer in his or her individual capacity. *Bivens*, 403 U.S. at 397. Accordingly, any claims against the United States and the BOP will be dismissed.

11

In a similar vein, because Aguilar explicitly brings her *Bivens* claims against Defendants Peters and Christiansen in their official capacities, her claims are barred by sovereign immunity. "Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Id.* This immunity applies with equal force to federal officers sued in their official capacities; such a suit is essentially a suit against the United States itself, *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008). Moreover, ". . . *Bivens* does not waive sovereign immunity with respect to claims brought against federal employees sued in their official capacities." *Landis v. Moyer*, 610 F. Supp. 3d 649, 654 (M.D. Pa. 2022). Accordingly, because Aguilar has sued Peters and Christiansen in their official capacities, Aguilar's claims against these defendants are barred by sovereign immunity and must be dismissed.

## C. Aguilar's Motion for TRO will be Denied.

Finally, with respect to Aguilar's motion for TRO, Aguilar asserts that she has been continuously housed in the SHU at different BOP facilities, which she claims has negatively affected her mental health disorders and caused her to contemplate suicide. (Doc. 3). As relief, Aguilar requests an injunction prohibiting the defendants from housing her in the SHU. But the plaintiff fails to show that she meets the substantive requirements under Rule 65 for preliminary injunctive relief against any of the defendants. "A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citing Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir. 1999)). The Supreme Court has underscored that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of

13

persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation and quotation marks omitted).

Here, for the reasons we have outlined above, Aguilar cannot show that she is likely to be successful on the merits of her claims against the defendants. Rather, it is clear that Aguilar's claims are barred by the doctrine of sovereign immunity. Accordingly, Aguilar's motion for TRO will be denied.

## IV. Conclusion

For the foregoing reasons, we will conditionally GRANT the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 15), we will DENY the plaintiff's motion for TRO (Doc. 3), and we will GRANT the defendants' motion to dismiss (Doc. 20). However, because we cannot conclude that amendment to the complaint would be futile, we will dismiss the plaintiff's complaint WITHOUT PREJUDICE to her filing an amended complaint to remedy the deficiencies we have identified.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated: August 13, 2025